UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES A. ROSE,

                    Plaintiff,                              Case No. 12-cv-11336

v                                                  Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY FEES**

On March 23, 2012, Plaintiff James Rose filed a complaint against Defendant Commissioner of Social Security, seeking a reversal of the Administrative Law Judge's decision that Rose was not entitled to disability benefits. Both parties filed motions for summary judgment. Magistrate Judge Monica Majzoub issued a report recommending that Rose's motion for summary judgment be granted and the Commissioner's motion be denied because Rose was deprived of "a full and fair hearing." Rep. & Rec. 15, ECF No. 23. Judge Majzoub therefore recommended that the matter be remanded pursuant to sentence four of 42 U.S.C. 405(g). *Id.* Neither party filed objections to the recommendation, and therefore this Court adopted the report and remanded the case. ECF No. 24.

Following entry of judgment in his favor, Rose filed a petition for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, on September 12, 2013. ECF No. 26. Rose contends that the Commissioner's position was not "substantially justified" and therefore he is entitled to attorney's fees. Rose requested an award totaling $8,266.88

pursuant to § 2412. The Court directed the Commissioner to respond to Rose's petition, ECF No. 27, but the Commissioner did not respond.

On June 27, 2014, Rose filed a petition seeking additional attorney's fees pursuant to 42 U.S.C. § 406(b).[1] Rose requested "that $10,363.73 be awarded to counsel, in accordance with the fee agreement entered into between Plaintiff and [counsel.]" ECF No. 30 at ¶ 5. Rose's counsel also notes that "counsel shall refund the EAJA fee to Plaintiff pending the resolution of the EAJA Application." *Id.* at 5. The Commissioner did not oppose Rose's petition for attorney's fees pursuant to 42 U.S.C. § 406(b).

Accordingly, it is **ORDERED** that Rose's Petition for Attorney Fees under the Equal Access to Justice Act (ECF No. 26) is **GRANTED**. Rose is awarded attorney's fees in the amount of **$8,266.88**.

It is further **ORDERED** that Rose's Unopposed Petition for Attorney Fees Pursuant to § 406(b) (ECF No. 30) is **GRANTED**. Rose is awarded attorney's fees in the amount of **$10,363.73**.

<div style="text-align:right">

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

</div>

Dated: September 9, 2014

<div style="border:1px solid black; text-align:center">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 9, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>

---

[1] "Attorneys representing clients in social security actions may seek awards under the EAJA and under § 406. . . . However, attorneys are prohibited 'from collecting both EAJA fees and § 406(b) fees in the same case. In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant.'" *Tharp v. Comm'r of S.S.*, 2011 WL 3438431, at *8 (S.D. Ohio Aug. 5, 2011) (quoting *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).